[Misc. No. 1467. In Bank.—September 1, 1938.]

In the Matter of the Disbarment of GAVIN W. CRAIG, an Attorney and Counselor at Law.

Frank B. Belcher, Warren E. Libby, Gurney E. Newlin and Philbrick McCoy for The State Bar of California.

John P. Beale, Leonard Thomas and Daniel M. Hunsaker for Respondent.

J. Wiseman Macdonald as *Amicus Curiae* on Behalf of Respondent.

WASTE, C. J.—The State Bar of California, a public corporation created by the Act of March 31, 1927 (Stats. 1927, p. 38), filed in this court its petition praying, under section 289 of the Code of Civil Procedure, that Gavin W. Craig, formerly an Associate Justice of the District Court of Appeal of the Second Appellate District of the State of California, be permanently disbarred from the practice of the law in this state. A certified copy of a record of conviction of said Craig of a crime involving moral turpitude was filed with the petition.

In the petition it was alleged that said Gavin W. Craig was admitted to practice by the Supreme Court of the State of California on or about April 9, 1901, and ever since had been and at the time of the filing of the petition was an attorney and counselor at law licensed to practice in all the courts of this state. It was further alleged that theretofore, and on or about May 8, 1935, said Gavin W. Craig was indicted in the District Court of the United States for the Southern District of California, charged with the crime of felony, to wit, a violation of section 88 of title 18 of the United States Code, in that he, with certain other defendants therein named, did conspire to obstruct and impede the due administration of justice; that on due trial on the charges contained in said indictment the jury returned a verdict of guilty, and judgment was thereupon entered assessing a fine of one thousand dollars and ordering that the defendants be confined in jail for the period of one year; that thereupon an action in *quo warranto* was commenced by the attorney-general of the state of California in the name of The People, based on section 996, subdivision 8, of the Political Code, praying for a judgment declaring and decreeing that the defend-

ant's office as such Associate Justice of the District Court of Appeal of the Second Appellate District had become vacant, and praying that he be ousted and excluded therefrom; that defendant Craig answered the complaint, denying and putting in issue the allegations thereof, and alleging that he had never been impeached or removed by legislative action from office as such Associate Justice, nor otherwise in the manner provided by law, nor at all; that judgment in said cause was given and entered that the office of Associate Justice of the District Court of Appeal, Second Appellate District, Division Two, had become vacant by reason of the conviction of the defendant Gavin W. Craig of a felony; that said Gavin W. Craig had not, since the date of the conviction, had any lawful right to any public civil office, and that he unlawfully held and exercised the office of Associate Justice of the District Court of Appeal of the Second Appellate District, and continued to hold the same without right.

Respondent Gavin W. Craig appealed to this court from the judgment just noted. Before the appeal was finally determined, respondent filed with the governor of the state his resignation as an Associate Justice of the District Court of Appeal of the Second Appellate District. Upon this fact being admitted in open court by the appellant, the court, of its own motion, raised the question whether or not, by reason of such resignation, the office had become vacant and the sole question presented by the action in *quo warranto* brought by the attorney-general had become moot. After consideration of the points and authorities filed by the parties on this point, the court concluded that the question had been settled and disposed of by the resignation of the alleged unlawful occupant of the office, and that the matter had become moot. The appeal was therefore dismissed.

In the meantime, this proceeding had been filed, seeking disbarment of respondent Craig as an attorney and counselor at law. In response to the order to show cause issued therein, the respondent appeared and demurred to the petition and filed objections to disbarment. In addition to general grounds of demurrer, the respondent attacks the jurisdiction of this court to suspend or disbar him as an attorney and counselor at law and to strike his name from the rolls, contending that he was, at the time he was convicted in the United States court, a duly elected, qualified and acting Justice of the

District Court of Appeal, and on the further ground that, for like reasons, The State Bar of California had no power or authority to file the petition. As a further ground of demurrer the respondent contends that it cannot be ascertained from the petition whether or not the respondent was convicted of a crime involving moral turpitude.

The various grounds of demurrer must be overruled. The present proceeding is one to disbar an attorney at law who at one time held judicial office and who, of his own volition, resigned therefrom. His prior status as a Justice of the District Court of Appeal, if it had any bearing on the matter (which we fail to see), passed out of the picture on respondent's resignation from his judicial position. In order to be eligible to hold the office as Justice of the District Court of Appeal, respondent was required to be admitted to practice law (Const., art. VI, sec. 23); but, while he held the office, he was not entitled to practice. (*State Bar of California* v. *Superior Court*, 207 Cal. 323, 336 [278 Pac. 432].)

Section 287 of the Code of Civil Procedure provides that an attorney and counselor may be removed by the Supreme Court upon his conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence. The certified copy of the record of conviction of respondent in the United States District Court, and subsequent affirmation by the Supreme Court of the United States, supports the allegations of the petition as to the nature of the offense for which respondent was convicted. It is respondent's contention that the offense with which he was charged and the purported judgment upon which he was convicted do not relate to an offense against the penal laws of the state of California. Assuming the correctness of the contention as applied to respondent's personal relations, it has no force in this proceeding. This court has held that conviction of an attorney and counselor at law of a felony or misdemeanor involving moral turpitude in a court of this or of another state or any court of the United States is ground for his disbarment, and the record of conviction is conclusive evidence of such conviction. (*Barnes* v. *District Court of Appeal*, 178 Cal. 500, 504 [173 Pac. 1100]; *In re O'Connell*, 184 Cal. 584 [194 Pac. 1010].)

 Moral turpitude has been defined by many authorities as an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen, or to society in general, contrary to the accepted and customary rule of right and duty between man and man. (*In re O'Connell, supra.*) Bouvier defines turpitude as "everything done contrary to justice, honesty, modesty, or good morals". (*In re Coffey*, 123 Cal. 522, 524 [56 Pac. 448]. See, also, 3 Cal. Jur. 732, par. 126.) In the O'Connell case, *supra,* the attorney engaged in a conspiracy to impede and obstruct the laws of the United States relating to the enlistment of soldiers in war-time. We entertain no doubt that the offense of conspiring to corruptly influence, obstruct, impede, hinder and embarrass the due administration of justice, with which respondent was charged and of which he was convicted in the United States District Court, falls easily within the definition of "moral turpitude".

 Respondent has devoted the greater part of his arguments to developing the contention that the legislature is without power to provide by general law for the disbarment of a Justice of the District Court of Appeal under the provisions of section 18 of article IV of the Constitution. We deem it unnecessary to discuss the contention for, as hereinabove stated, the respondent, by his voluntary act of resignation, ceased to be an Associate Justice of the District Court of Appeal. Therefore, the provisions of section 18, article IV, *supra,* and the maxim *"inclusio unius est exclusio alterius"*, upon which respondent relies, have no application to his case.

Respondent's demurrer is overruled. Let an order be entered disbarring respondent as an attorney and counselor at law in the courts of this state, effective thirty days from filing hereof.

Curtis, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.

Houser, J., deeming himself disqualified, did not participate.