The STATE of Texas, Appellant,

v.

C. Woodrow LAUGHLIN, Appellee.

No. 12918.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

Rehearing Denied Jan. 25, 1956.

Atwood McDonald, Fort Worth, Earl P. Hall, Austin, for appellant.

B. D. Tarlton, Corpus Christi, Small, Small & Craig, Austin, for appellee.

PER CURIAM.

This appeal involves the right of trial by jury in a disbarment proceeding. The suit was instituted by the State Bar of Texas, acting in the name of the State and through its Grievance Committee for District 14–A. The petition contained a prayer that the defendant, C. Woodrow Laughlin be disbarred from practicing law or suspended or reprimanded, as the facts should warrant. The complaint of the Grievance Committee originally contained eleven counts, however, the first one only is before us, the remainder having been waived.

In the first count it was alleged that Laughlin had been elected to the office of District Judge of the 79th Judicial District and shortly after taking the oath of office as such on January 1, 1953, he dismissed a grand jury that had theretofore been legally impanelled, because he feared such grand jury would indict his brother, W. M. Laughlin, County Commissioner of Precinct No. 4, Jim Wells County; that as a result of this action a complaint was filed in the Supreme Court by J. W. Wilson and ten other lawyers residing within the district, and Laughlin was removed from office by the Supreme Court, in accordance with Article 15, § 6, of the Constitution of Texas, Vernon's Ann.St. Cause No. A–4295, In re Laughlin, Tex., 265 S.W.2d 805.

It may here be interpolated that the Supreme Court in its opinion pointed out that it possessed no power, under said Article 15, § 6, to disqualify Laughlin from seeking re-election as Judge of said 79th District Court. Laughlin was again elected to that office in November of 1954, qualified as Judge on January 1, 1955, and is now serving in that capacity.

On April 18, 1955, the Honorable Sam Burrus, District Attorney in and for the 79th Judicial District (who had been elected for the first time in the general election of November, 1954), filed a motion to dismiss this proceeding. He was joined in this action by certain other practicing attorneys of the district. This moton was overruled by the Honorable Louis T. Holland, Judge of the 97th Judicial District, sitting as Judge of the 79th ·Judicial District, in accordance with an administrative assignment.

In the trial court the State Bar relied upon the findings of the Supreme Court in said Cause No. A–4295, to substantiate its charges. It was said that these findings were res judicata of the issues presented in the present case. No attempt was made to prove the substance of the allegations set out in the first count, although a jury had been impanelled to hear the case. Judge Holland thereupon granted a motion for a peremptory instruction to find for the defendant.

There are various matters raised and discussed in the briefs, such as the contention that the proceedings should have been summarily abated upon the district attorney's motion to dismiss; that the conduct of Laughlin, which resulted in his removal as judge was not conduct relating to his position as a practicing lawyer, as well as numerous others. These we need not discuss, as Judge Holland's action must be sustained upon the ground that the action of the Supreme Court cannot be given the effect of a jury verdict.

The State Bar Act, Article 320a–1, Vernon's Ann.Tex.Stats., provides that:

"Sec. 5. The Supreme Court of Texas shall not adopt or promulgate

any rule or regulation abrogating the right of trial by jury in disbarment proceedings, in the county of the residence of the defendant."

The Rules of the State Bar provide for disciplinary action against its members. Sections 1 and 2 of Article XII of such Rules provide:

"Section 1. Grounds for Disbarment, Suspension and Reprimand

"A member of the State Bar who shall be guilty of barratry, as defined by the laws of this State, or of any fraudulent or dishonorable conduct, or malpractice may be reprimanded or suspended. from practice; or his license may be revoked by the district court of the county in which such attorney resides, regardless of the fact that such act may constitute an offense under the Penal Code of this State, and regardless of whether he is being prosecuted or has been convicted for the violation of such penal provision.

"Section 2. Compulsory Disbarment

"The license of any member, who has been convicted in this state or in any state of the United States or in any of the courts or tribunals of the United States of any crime involving moral turpitude of the grade of felony as defined by the laws of this state, shall be revoked·by the district court of the county in which such member resides."

■ Where the fact of conviction of a felony is made a ground for disbarment, proof of that fact may be made by the records of the court rendering the conviction. However, when the ground is fraudulent or dishonorable conduct, malpractice or similar wrong, the alleged wrongful act must be proved by evidence adduced before the jury. Removal from office under the provisions of Article 15, § 6, is not placed in the same category as conviction of a felony. This is apparent from a reading of the State Bar Act, the State Bar Rules and the

Supreme Court's opinion, In re Laughlin, Tex., 265 .S.W.2d 805.

 We are further of the opinion that the doctrine of res judicata, or other form of estoppel by judgment is inapplicable to this cause. Philipowski v. Spencer, 63 Tex. 604.

The order of the trial court is affirmed.