In the Matter of LOWELL M. BIRRELL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 29, 1961.

*Eric Nightingale (Raymond P. Whearty* with him on the brief), for petitioner.

*Per Curiam.* Respondent was admitted to the Bar in this Department on January 13, 1930. A Referee has found that respondent willfully failed to appear in response to a subpœna of the United States District Court on October 7, 1957 and failed to submit himself to the jurisdiction of the court to

answer the charges of criminal contempt that ensued. Moreover, the Referee found that respondent is in fact a fugitive from justice and that he has willfully failed to submit to the jurisdiction of New York State to answer an indictment for grand larceny found by the Grand Jury of the County of New York on July 1, 1959 and to submit to the jurisdiction of the Federal courts to answer an indictment for conspiracy found by the Federal Grand Jury for the Southern District of New York in August, 1959. The New York authorities have been unsuccessful in attempts to extradite respondent from Brazil. Respondent's explanation, that his continued absence from the United States stems from restrictions against his leaving Brazil pending completion of an investigation here as to the legality of his entry in Brazil, was properly held by the Referee to be unconvincing.

The evidence sustains the findings and report of the Referee. Respondent's departure and continued absence from the United States, under the circumstances disclosed, must be regarded as deliberate and contemptuous of the judicial process, both State and Federal. Such conduct is wholly inconsistent with the standards of responsibility and integrity required for further membership in the Bar since it clearly involves conduct prejudicial to the administration of justice within the meaning of subdivision 2 of section 90 of the Judiciary Law. When an attorney deliberately ignores process of the court and allows serious charges to remain unresolved against him by intentionally avoiding the jurisdiction of the New York State and Federal courts, under the inexcusable circumstances shown in this proceeding, he is no longer entitled to remain a member of the Bar. Respondent should be disbarred.

BREITEL, J. P., RABIN, VALENTE, MCNALLY and EAGER, JJ., concur.

Respondent disbarred.