[S. F. No. 21465.    In Bank.    Nov. 18, 1963.]

In re Suspension of MAURICE W. TINDALL from Judicial Office.

[S. F. No. 21465.    In Bank.    Nov. 18, 1963.]

In re Suspension of GLENN W. EVANS from Judicial Office.

Gregory S. Stout, E. John Kleines and F. B. Schlageter for Respondents.

THE COURT.—On September 5, 1963, Maurice W. Tindall, Judge of the Justice Court for the Anderson Judicial District in the County of Mendocino, and Glenn W. Evans, Judge of the Justice Court for the Round Valley Judicial District in the County of Mendocino, were found guilty on two counts of the felony of conspiracy. In the first count they were charged with wilfully and corruptly conspiring with others to do various acts to "pervert and obstruct justice and the due administration of the laws" in violation of subdivision 5 of section 182 of the Penal Code. The second count charged them with committing the felony prohibited by subdivision 1 of section 182 of the Penal Code in that they conspired to violate section 170 of that code.[1]

Judgments were entered against Tindall and Evans on October 9, 1963, and they were thereafter directed by this court to show cause why they should not be suspended pursuant to section 10a of article VI of the Constitution, which provides: "Whenever a justice of the Supreme Court, or of a district court of appeal, or a judge of any court of this State, has been convicted in any court of this State or of the United States, of a crime involving moral turpitude, the Supreme Court shall of its own motion or upon a petition filed by any person, and upon finding that such a conviction was had, enter its order suspending said justice or judge from office until such time as said judgment of conviction becomes final, and the payment of salary of said justice or judge shall also be suspended from the date of such order. When said judgment of conviction becomes final, the Supreme Court shall

---

[1]Under section 182, subdivision 1, two or more persons who conspire to "commit any crime" may be found guilty of a felony. and section 170 provides: "Every person who maliciously and without probable cause procures a search-warrant or warrant of arrest to be issued and executed, is guilty of a misdemeanor."

enter its order permanently disbarring said justice or judge and striking his name from the roll of attorneys and counselors, and removing said justice or judge from office and his right to salary shall cease from the date of the order of suspension. If said judgment of conviction is reversed, the Supreme Court shall enter its order terminating the suspension of said justice or judge and said justice or judge shall be entitled to his salary for the period of the suspension.''

■ In response to the order to show cause a contention has been made in which we find no merit, namely, that this proceeding has been superseded by one pending before the Commission on Judicial Qualifications under section 10b of article VI of the Constitution. Section 10b expressly provides that it is ''cumulative with'' the method of removal of judges set forth in section 10a.

■ Nor can respondents now avoid suspension on the ground that the trial court lacked jurisdiction because, assertedly, a judge is entitled to immunity from the type of criminal prosecution involved here. The question of the trial court's jurisdiction can be raised on appeal and is not appropriate to this proceeding. Our function under section 10a is to determine whether respondents have been convicted of a crime involving moral turpitude and, if so, to order their suspension.

■ It seems clear that the offenses of which respondents were convicted involve moral turpitude. In the case of *In re Craig* (1938) 12 Cal.2d 93, 97 [82 P.2d 442], where an attorney was disbarred, this court stated: ''We entertain no doubt that the offense of conspiring to corruptly influence, obstruct, impede, hinder and embarrass the due administration of justice, with which respondent was charged and of which he was convicted in the United States District Court, falls easily within the definition of 'moral turpitude'.''

■ The contention is also made that respondents are denied due process of law by the procedure provided for in section 10a. We do not agree. Respondents have had a hearing in the trial court on the charges against them, and they have had an opportunity before this court to show cause why they should not be suspended pending appeal.

Pursuant to section 10a of article VI of the Constitution of California each respondent is suspended from his office of judge of the justice court, and payment of his salary as judge is likewise suspended, effective as of this date.