**The STATE of Texas, Appellant,**

v.

**Harold S. NELSON, Appellee.**

**No. 15747.**

Court of Civil Appeals of Texas, San Antonio.

March 16, 1977.

Rehearing Denied April 27, 1977.

Davis Grant, Stephen D. Peterson, Wayne H. Paris, Gary McNeil, Austin, for appellant.

Fred Clark, New Braunfels, for appellee.

BARROW, Chief Justice.

Appellant, Grievance Committee for State Bar District 10, has perfected its appeal from a judgment rendered on July 16, 1976, after a non-jury trial which suspended appellee from the practice of law for the duration of his probation resulting from a conviction for violating Title 18, United States Code § 371, in the United States District Court of the District of Columbia.

The Grievance Committee urges that the attorney should be disbarred under the mandatory provisions of Art. 320a–1, § 6, Tex.Rev.Civ.Stat.Ann. (1973), following proof of final conviction of a felony involving moral turpitude. § 6 of the State Bar Act was amended in 1969 to include the following:

Provided, however, upon proof of conviction of an attorney in any trial court of any felony involving moral turpitude or of any misdemeanor involving theft, em-

bezzlement, or fraudulent appropriation of money or other property, the district court of the county of the residence of the convicted attorney shall enter an order suspending said attorney from the practice of law during the pendency of any appeal from said conviction. An attorney who has been given probation after such conviction shall be suspended from the practice of law for the period of his probation. Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him.

On November 1, 1974, appellee was adjudged guilty as charged and given a "split sentence"; that is, he was ordered to serve the first four months of a three-year sentence at the Federal Prison Camp, Montgomery, Alabama, the remainder of his sentence being suspended, and he was placed on probation for a period of two years. He was also ordered to pay a fine of $10,000.00. This conviction is now final.

Two questions are presented by this appeal: 1. Was appellee convicted of a felony involving moral turpitude; and 2. What is the effect of a "split sentence" under § 6 of the State Bar Act?

■ Appellee pleaded guilty "as charged in an Information of the offense(s) of Conspiracy in violation of 18 U.S.C. 371." The information alleged that appellee, in concert with others, made several illegal campaign contributions in violation of 18 U.S.C. § 610. Also, appellee was charged with conspiring to give a thing of value to a public official for and because of his performance of an official act in violation of 18 U.S.C. § 201(f). Appellee urges that § 371 is a general conspiracy statute involving any offense against the United States, and since it is not possible to determine from the judgment of conviction the nature of the offense for which appellee was convict-

ed, it is just as likely that he was found guilty of making illegal political campaign contributions as he was of bribery of a public official. He asserts that the offense of making illegal political campaign contributions should not be considered as a felony involving moral turpitude within the meaning of Art. 320a–1, § 6.

This contention is without merit irrespective of whether we consider that the offense of making illegal campaign contributions is a felony involving moral turpitude. The maximum punishment for a violation involving illegal campaign contributions is a $10,000.00 fine or imprisonment of not more than two years or both. Here the sentence imposed was for imprisonment for three years. It is therefore obvious that the trial judge considered the offense more serious than that of making illegal campaign contributions. Furthermore, by pleading guilty to the Criminal Information, appellee admitted all the facts contained therein. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Littlejohn v. Hiatt*, 197 F.2d 334 (5th Cir. 1952). *Louisiana State Bar Ass'n v. Hennigan*, 340 So.2d 264 (La.1976). Included in the information was the count for conspiracy to bribe a public official. This offense is a felony involving moral turpitude. *In re Barron*, 155 W.Va. 98, 181 S.E.2d 273 (1971); *In re Anderson*, 195 N.W.2d 345 (N.D.1972).

A more difficult question is raised by the "split sentence" wherein part of the sentence was probated and part was executed. We have not found a case in this or any other jurisdiction which construes the effect of a "split sentence" on a provision similar to § 6 of the State Bar Act.

■ The most logical construction of the provision would be to hold that a sentence is either probated or it is not probated. The Legislature has provided that where an attorney is convicted of a felony involving moral turpitude, the attorney should be disbarred unless the sentence is probated. It seems reasonable that the Legislature intended that an attorney should be disbarred where he is convicted of a felony involving moral turpitude unless the entire sentence

is probated. Otherwise you could have a situation of an attorney being merely suspended although he was serving a term in prison. Here the entire sentence was not probated in that appellee was required to serve four months in the Federal Prison Camp and to pay a fine of $10,000.00. It is true that the remaining portion of his sentence was probated, but only after he had served the four months in prison and paid the fine.

We conclude that the trial court erroneously considered appellee's final conviction of a felony involving moral turpitude as having been probated, and therefore, erroneously entered a judgment of suspension for the period of his probation. The proper judgment was one of disbarment in accordance with the mandatory provisions of the last sentence of § 6.

The judgment of the trial court is reversed and the cause is remanded for entry of a judgment of disbarment.