**Ralph FREEDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 17622.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 10, 1980.

Rehearing Denied May 15, 1980.

Ralph Freedson and Bertrand C. Moser, Houston, for appellant.

Steven D. Peterson, Austin, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

The appellant, Ralph Freedson, was found guilty on March 20, 1978, in the United States District Court for the Northern District of California, of violating 18 U.S.C. § 371, conspiring to violate 18 U.S.C. § 1001. On June 8, 1978, appellee, The State Bar of Texas, initiated this action seeking suspension of Freedson's license to practice law in this state pending appeal of his conviction and in the event the conviction became final, his disbarment. On January 22, 1979, the trial court granted the State Bar's motion for summary judgment, ordering Freedson suspended from the practice of law pending the appeal of the conviction and further ordering that he be disbarred upon proof of final conviction. On August 30, 1979, the trial court entered a final judgment of disbarment, finding that Freedson's conviction had become final.

On this appeal Freedson first contends that the summary judgment proof is insufficient to authorize his suspension and disbarment under Section 6 of the State Bar Act, Article 320a–1, Tex.Rev.Civ.Stat.Ann., which provides:

Sec. 6. No disbarment proceeding shall be instituted against any attorney except in the district court located in the county of said attorney's residence, nor shall any attorney be suspended until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence. Provided, however, upon proof of conviction of an attorney in any trial court of any felony involving moral turpitude or any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property, the district court of the county of the residence of the convicted attorney shall enter an order suspending said attorney from the practice of law during the pendency of any appeal·from said conviction. An attorney who has been given probation after such conviction shall be suspended from the practice of law for the period of his probation. Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him.

It is Freedson's position that the summary judgment proof did not establish as a matter of law that his conviction was one involving moral turpitude, and he argues that this question requires a factual determination precluding summary judgment.

In *Muniz v. State*, 575 S.W.2d 408 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.) the disbarment of an attorney was upheld upon proof of federal court felony convictions of conspiring to import and to possess with intent to distribute substantial amounts of marijuana and for willfully failing to appear in court as ordered. The court found that proof of such convictions constituted conduct involving moral turpitude and that the trial court properly granted the State Bar's motion for summary judgment.

Whether an offense committed by an attorney involves moral turpitude is a matter to be determined by considering the nature of the offense as it bears upon the attorney's professional conduct. *Muniz v. State*, supra. Crimes involving fraud have universally been held to involve moral turpitude, and the crime of conspiring to defraud the United States has been held to be a crime involving moral turpitude. *Jordan v. DeGeorge*, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). It has also been held that a violation of 18 U.S.C. § 371 is a crime involving moral turpitude. *State v. Nelson*, 551 S.W.2d 433 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). Under the summary judgment proof in this case, the trial court properly determined as a matter of law that Freedson's offense was one involving moral turpitude.

Freedson next contends that the trial court erred in rendering a final judgment of disbarment without giving him notice of a hearing on the State Bar's motion to disbar upon final conviction. This point will be overruled. The summary judgment record shows that a copy of the State Bar's motion to disbar upon final conviction was attached as an exhibit to Freedson's first amended motion for a new trial, and the record also contains an answer by Freedson filed in opposition to the State Bar's motion to enter the order of disbarment. The trial court's final judgment recites that the court considered the pleadings, admissions and exhibits on file in the case and determined, as a matter of law, that a judgment of disbarment should be entered on the State Bar's motion. Freedson admits his conviction had become final at the time the court rendered the final judgment of disbarment, and the summary judgment record supports the trial court's final judgment. *Muniz v. State,* supra; *State v. Laughlin,* 286 S.W.2d 278 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.).

In a supplemental brief Freedson contends that the phrase "felony involving moral turpitude" in Section 6 of the State Bar Act is unconstitutionally vague and violates the Fourteenth Amendment of the United States Constitution. This point will be overruled. The United States Supreme Court has held that the term "moral turpitude" has a sufficiently definite meaning in cases involving fraudulent conduct. *Jordan v. DeGeorge,* supra.

> We conclude that this test has been satisfied here. Whatever else the phrase "crime involving moral turpitude" may mean in peripheral cases, the decided cases make it plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude. We have recently stated that doubt as to the adequacy of a standard in less obvious cases does not render that standard unconstitutional for vagueness. See *Williams v. United States,* [341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774], supra. But there is no such doubt present in this case. Fraud is the touchstone by which this case should be judged. The phrase "crime involving moral turpitude" has without exception been construed to embrace fraudulent conduct. 71 S.Ct. 708.

The trial court's judgment is affirmed.