**Eric TURTON, Appellant,**

v.

**The STATE BAR of TEXAS, Appellee.**

**No. 04–88–00485–CV.**

Court of Appeals of Texas,
San Antonio.

June 28, 1989.

Rehearing Denied Aug. 10, 1989.

Eric Turton, San Antonio, pro se.

Linda Acevedo, Asst. Gen. Counsel, Austin, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from the suspension of a license to practice law. The State Bar of Texas, through its general counsel, instituted action against Eric Turton, an attorney, pursuant to the State Bar Act, TEX.GOV'T CODE ANN. § 81.078 (Vernon 1988) and the State Bar Rules, T.2, Subt. G, App. A, art. X, §§ 7(8) and 26(B) & (G) (Vernon 1988). The State Bar sought compulsory disbarment or suspension.

On January 30, 1987, Turton entered a plea of "nolo contendere" to a charge of aggravated assault, the offense occurring in March 1985. Turton was placed on 10 years' probation after the trial court de-

ferred adjudication of guilt. In the disciplinary proceedings the trial court suspended Turton's law license for the same term of probation. There has been no grievance committee action at the local level.

■ In his first point of error Turton contends that the trial court erred in admitting into evidence the order which deferred adjudication and granted probation, for the purpose of showing a conviction as required by TEX.GOV'T CODE ANN. § 81.078(b). He reasons that the order could not constitute a conviction for purposes of disciplinary action. We disagree. Section 81.078(b) states as follows:

(b) On proof of an attorney's conviction in a trial court of competent jurisdiction of any felony involving moral turpitude or of any misdemeanor involving the theft, embezzlement, or fraudulent misappropriation of money or other property, the district court of the county of the residence of the convicted attorney shall enter an order suspending the attorney from the practice of law during the pendency of any appeals from the conviction. *An attorney who has been given probation after the conviction, whether adjudicated or unadjudicated, shall be suspended from the practice of law during the probation.* (emphasis added)

Turton argues that in the criminal law context, the word "conviction" always signifies an adjudication of guilt. The State Bar Act and Rules are not criminal statutes. Although § 81.078(b) repeatedly uses the word "conviction," the final sentence of that section indicates that for purposes of disciplinary action against an attorney there can be an unadjudicated "conviction." Turton urges that § 81.078 is "fatally defective," because there can be no conviction without an adjudication of guilt. Therefore, the admission into evidence of the deferred adjudication order was error.

Section 81.078(b) is to be read together with State Bar Rules art. X, §§ 7(8) and 26(G) & (B). Those rules provide in pertinent part:

Art. X, § 7

Discipline may be imposed for professional misconduct which includes: ...
(8) Conviction of a serious crime or being placed on probation in connection with a serious crime, with or without an adjudication of guilt as provided in Section 26. Art. X, § 26
(G) *Suspension.* If an attorney's sentence upon conviction of a serious crime is fully probated, or if an attorney received probation without an adjudication of guilt, the attorney shall be suspended during the term of such probation; ...
(B) *Serious Crime Defined.* A serious crime, for the purpose of this section, shall be any felony involving moral turpitude or any misdemeanor involving theft, embezzlement, or fraudulent misappropriation of money or other property....

Article X, § 7 authorizes discipline where probation has been given in connection with a serious crime, even where there has been no adjudication of guilt. Article X, § 26 clearly mandates suspension where the attorney receives probation without an adjudication of guilt. We interpret § 81.078(b) as consistent with the Rules. Therefore, when § 81.078(b), *supra,* is read together with the applicable State Bar Rules, it is clear that suspension is required where an attorney is placed on probation with adjudication of guilt deferred in the case of a serious crime. The judgment of suspension was specifically based upon § 81.078 *and* the State Bar Rules art. X, § 26.

Turton further points out that the State Bar Rules indicate that "in any action brought to discipline an attorney who has been convicted of a serious crime, the record of conviction shall be conclusive evidence of the guilt of the attorney for the crime of which the attorney was convicted." *See* STATE BAR RULES, art. X, § 26(C). Appellant reads this provision to mean that a record of actual conviction is the exclusive evidence upon which suspension under § 81.078(b) and art. X, § 26(G) may be predicated, and therefore the admission of the order granting deferred adjudication and probation was improper. We disagree with this interpretation. Admission of the order in the criminal case

was necessary in this case in order for § 81.078(b) and art. X, § 26(G) to be given effect. The first point is overruled.

■ In his second point of error Turton contends the trial court erred in admitting appellant's plea of *nolo contendere*. The order in the criminal case against Turton, which deferred adjudication of guilt and granted adult probation, references and includes an attached "Terms of Plea Bargain Agreement." The attached document indicates Turton's plea of *nolo contendere* to the criminal charge. Turton argues that pursuant to TEX.R.CIV.EVID. 410, a plea of *nolo contendere* is not admissible in any civil suit against the defendant who made the plea. In this case, the disciplinary action brought by the State Bar is based entirely upon the provisions of the order in the criminal case granting probation in connection with a serious crime, which triggered the mandatory suspension provisions. The admission of the *nolo contendere* plea as a part of the order which contained the salient triggering provisions is inconsequential. Suspension is mandatory, under the Rules, when probation is given an attorney-defendant as a result of his commission of a serious crime, whether or not there is evidence of a plea of *nolo contendere*.

The objection in this case was to the *whole* order's admission because it "shows it was entered on a nolo plea." To sustain such an objection to admission of an order granting probation would vitiate the mandatory suspension provisions of the State Bar Act and Rules set forth in our discussion of appellant's first point of error. We find Rule 410 does not require exclusion of the order from evidence in this disciplinary action against an attorney. The second point is overruled.

■ The third point of error is the trial court erred in concluding under the facts shown that aggravated assault constitutes moral turpitude. We construe this to mean that it was not shown that aggravated assault is *per se* a felony involving moral turpitude. We sustain this point.

The State Bar pleadings purposefully and narrowly limit the disciplinary action's basis, focusing only on Turton's conviction of a *serious crime*. The petition alleges that Turton "was placed on ten years deferred adjudication for [a] felony offense involving moral turpitude, to wit: aggravated assault with serious bodily injury." The State Bar attached copies of the information (charging instrument), the order granting probation and deferring adjudication, and the plea bargain agreement. The petition's prayer was that Turton be ordered disbarred or in the alternative suspended from the practice of law during the pendency of his probation. In its judgment the trial court found that

> the material allegations of Petitioner's Disciplinary Petition have been proven in their entirety and that the Petitioner, pursuant to the State Bar Act, TEX. GOV'T CODE ANN. § 81.078 (Vernon 1988) and the State Bar Rules art. X, § 26, is entitled to ... judgment.

Turton was ordered suspended from the practice of law during the ten years' probation term which had been ordered "pursuant to his deferred adjudication of guilt for aggravated assault with serious bodily injury, a felony involving moral turpitude...."

In her opening statement to the court the State Bar counsel emphasized the basis for the action:

> And the reason I stress the statutes, Your Honor, this has been, the type of cause of action, is because *this is not a regular fact case*. In other words, *we have not brought this case on the basis of the underlying facts*, we brought this case solely on the judgment that was entered giving Mr. Turton the ten years deferred adjudication. (emphasis added)

The State Bar counsel then introduced into evidence, over objection, certified copies of the order of deferred adjudication and the information (charging instrument). Counsel stated:

> Your Honor, the State Bar does not have any other evidence to put on at this time. It's our position that *on its face*, that aggravated assault with serious bodily injury is a crime involving—seri-

ous crime involving moral turpitude. (emphasis added)

The State Bar then rested. The intention of the State Bar was candidly and clearly articulated: to obtain a ruling that any aggravated assault with serious bodily injury is, as a matter of law, a crime involving moral turpitude. The underlying facts in the Turton case were immaterial to the State Bar's position. This case would be the first disciplinary action in Texas to proclaim the *per se* rule. And thereafter, when an attorney was adjudged to have committed any aggravated assault with serious bodily injury, on the State Bar's motion for summary judgment with the attached charging instrument and adjudication papers, the trial court would be authorized to grant summary judgment since there would be no fact question.

At the disciplinary hearing, based on the documents listed above, the trial court was asked to find *as a matter of law that aggravated assault is a felony involving moral turpitude.*

The State Bar in its petition alleges only "a felony offense involving moral turpitude ... aggravated assault with serious bodily injury." In its argument to the trial court the Bar's counsel said: "... Our position is that aggravated assault with serious bodily injury just is, as a matter of law, a felony involving moral turpitude." In its brief the State Bar also stresses this same position:

> The nature of aggravated assault is that it is a violent crime in which the perpetrator intends to inflict serious bodily injury to another person. An attorney who commits aggravated assault has violated the established societal values which place great importance on human dignity and life, and such conduct demonstrates little disregard (sic) for the laws aimed at protecting the threatened person. *The State Bar submits aggravated assault is a felony involving moral turpitude.* (emphasis added).

Section 81.078(b), *supra,* provides that suspension *must* follow when an attorney is given probation after a "conviction" of "any felony involving moral turpitude" or any of a series of specific types of misde-

meanors which are not at issue here. Article X, § 26(G) provides for mandatory suspension during the term of probation resulting from commission of "a serious crime." *See also* art. X, § 7(8), *supra.* Article X, § 26(B) defines "a serious crime" as "any felony involving moral turpitude," or any of certain specific types of misdemeanors, which are the same ones enumerated in 81.078(b) of the State Bar Act.

In *Muniz v. State,* 575 S.W.2d 408 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), moral turpitude is defined in the context of a disciplinary action as:

> 1) anything done knowingly contrary to justice, honesty, principle, or good morals.

> 2) an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general.

> 3) something immoral in itself, regardless of whether it is punishable by law. The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude.

> 4) immoral conduct is that conduct which is willful, flagrant, or shameless, and which shows a moral indifference to the opinion of the good and respectable members of the community.

575 S.W.2d at 411–12.

It was also acknowledged in *Muniz v. State* that, "[t]he question of whether a particular crime involves moral turpitude is to be determined by a consideration of the nature of the offense as it bears on the attorney's moral fitness to continue in the practice of law." *Id.* at 411.

■ A final judgment convicting an attorney of a crime involving moral turpitude is cause for the attorney's suspension or disbarment. A plea of guilty (in this case, nolo contendere) is conclusive evidence of commission of the offense. It does not however, answer the question whether his crime, or the circumstances of its commission, involved moral turpitude. That question is one of law to be resolved by the court. *Searcy v. State Bar of Texas,* 604 S.W.2d 256, 260 n. 2 (Tex.Civ.App.—San

Antonio 1980, writ ref'd n.r.e.). Moral turpitude is a nebulous concept. Conviction of some crimes, particularly those involving intentional dishonesty for personal gain, establishes moral turpitude on its face. *In re Strick*, 43 Cal.3d 644, 738 P.2d 743, 749, 238 Cal.Rptr. 397, 403 (1987). However, the commission of some crimes, standing alone, does not implicate an attorney's fitness to practice law. In such case moral turpitude cannot be imputed from the conviction alone and inquiry must be made into the circumstances surrounding the commission of the crime. *Id.*

Some crimes are not crimes which, *per se,* involve moral turpitude. We believe aggravated assault to be one of those. *Compare In re Larkin*, 48 Cal.3d 236, 768 P.2d 604, 609, 256 Cal.Rptr. 90, 95 (1989).

As noted above, conviction of some crimes establishes moral turpitude *per se.* The courts of California have characterized these as universally morally reprehensible, such as murder. Or they are crimes which necessarily involve an intent to defraud or to engage in dishonest acts for personal gain, such as perjury, theft, and embezzlement. *See In re Mostman*, 47 Cal.3d 725, 765 P.2d 448, 454, 254 Cal.Rptr. 286, 292 (1989).

The courts of Texas have never decided whether aggravated assault with serious bodily injury constitutes moral turpitude *per se* or whether a factual inquiry into the circumstances of the offense is required to determine whether the offense is one involving moral turpitude. In the present case the State Bar did not present any evidence other than court documents. The attorney's expert witness (a member of the State Bar Grievance Committee in San Antonio for nine years) indicated he had some knowledge of the offense when cross-examined by the State and when asked a question by the trial judge. No evidence was presented, however, as to any facts and surrounding circumstances. It was the expert's opinion that this case was not a proper one for compulsory suspension.

In this action the State Bar's disciplinary pleadings tendered only the theory that Turton was convicted of the offense of aggravated assault with serious bodily injury, a felony involving moral turpitude as a matter of law. The argument presented to the trial court was that aggravated assault with serious bodily injury is an offense, the conviction for which establishes moral turpitude *per se.* The judgment plainly and unambiguously supports the pleadings. Thus, to uphold the judgment would implement its far-reaching effect in this State because for purposes of mandatory disbarment or suspension any conviction for aggravated assault with serious bodily injury would automatically be a felony involving moral turpitude *per se.*

We decline to adopt an inflexible, *per se* rule by thus characterizing aggravated assault with serious bodily injury in attorney disciplinary actions. We can find no apposite case from another jurisdiction which applies the *per se* rule in assault cases. We believe that in this kind of case involving disciplinary action, the trier of fact should examine the totality of the circumstances, including any mitigating circumstances, in each particular case.

█ Because that was not done in this case and because the judgment supports the *per se* rule that any aggravated assault is a felony involving moral turpitude for purposes of compulsory and mandatory disbarment and suspension, we reverse and render the judgment.

BIERY, Justice, dissenting.

I respectfully dissent.

The elements of aggravated assault, to which appellant pled no contest, are that a person intentionally, knowingly, or recklessly causes serious bodily injury to another. TEX.PENAL CODE ANN. §§ 22.-01(a)(1), 22.02(a)(1) (Vernon 1989). "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974). Thus, aggravated assault is not the mere slapping of one person by another. Rather, it is a crime in which such extreme violence is

done to another human being that: death may result; the victim may be beaten within an inch of his or her life; livers, kidneys and spleens are ruptured; eyes are gouged out; bones are crushed; and extreme pain is inflicted.

"Turpitude" is defined in Webster's New Collegiate Dictionary as being vile and having inherent baseness and depravity. To this definition and that of *Muniz v. State,* 575 S.W.2d 408, 411–12 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), I would add that moral turpitude be described as that conduct which is reprehensible and which engenders moral outrage on the part of the community.

There is a reason that the ministry, medicine and the law are three great and learned professions: their common purpose is to help other human beings in the spiritual, physical and secular aspects of their lives. How is the committing of extreme violence upon the body of another person consistent with the goal of the legal profession to help, not hurt?

Forty-four years ago, the world witnessed the end of a titanic struggle about the basic values of western civilization. Pitted against one another were those who believed deeply that even a single human life has value versus the forces of racial superiority who believed, and acted upon the belief, that "superior" human beings have the power to bludgeon, maim or kill other human beings, whether the quantity be six million or one.[1] We must not forget those lessons. The members of the legal profession must, in their professional and private lives, stand for the value of human life, not the illegal and immoral power to destroy it.

Further, one of the reasons for our professional existence is the resolution of disputes in a civilized manner. To resolve a dispute by resorting to brutal force is inconsistent with that professional purpose.

It is asserted that the fact finder, in the disciplinary proceeding, should have the ability to examine any mitigating circumstances. If there were mitigating circum-

stances to the charge of aggravated assault, such as self-defense, they should be examined and taken into account in the criminal trial proceeding. A plea of no contest or guilty to aggravated assault implies that the defendant has no mitigating circumstances to raise.

If we would continue to lay claim to the title "great and learned profession," and if we would lay claim to being the legitimate professional descendants of Madison, Lincoln, Holmes, Hand and Cardozo, then we must require of ourselves the strictest standards which are consistent with the helping purpose of the legal profession.

I would hold that aggravated assault by a lawyer upon another human being is, *per se,* a felony involving moral turpitude within the meaning of STATE BAR RULES art. X, § 26(B).

---

1. A similar struggle is being resumed in China today.