[Crim. No. 2306.  In Bank.—December 28, 1920.]

In re DANIEL O'CONNELL, an Attorney and Counselor at Law.

[1] ATTORNEYS AT LAW—CONVICTION OF CRIME INVOLVING MORAL TURPITUDE — DISBARMENT — RECORD CONCLUSIVE EVIDENCE.—The conviction of an attorney and counselor of a felony or misdemeanor involving moral turpitude in a court of this or another state or in a court of the United States is ground for his disbarment, and in such a case the record of conviction is conclusive evidence of such conviction.

[2] ID.—PRODUCTION OF RECORD OF CONVICTION—DUTY OF COURT.— Upon production of the record of conviction of an attorney and counselor of a felony or misdemeanor involving moral turpitude, it is the duty of the supreme court to proceed thereon and to give judgment striking the name of the attorney from the roll of attorneys and counselors of the court and precluding him from practicing as an attorney and counselor in all of the courts of the state.

[3] ID.—CONVICTION OF CONSPIRACY TO VIOLATE ESPIONAGE ACT— MORAL TURPITUDE.—An attorney and counselor at law convicted of the crime of having willfully engaged in a conspiracy having for its definite purpose the obstruction, while the United States was at war, of the recruiting or enlistment service of the United States involves moral turpitude.

PROCEEDING for disbarment of an attorney at law.

The facts are stated in the opinion of the court.

Daniel O'Connell, *in pro. per.*, for Respondent.

---

3. Disloyal acts or political opinions as ground for disbarment or suspension of attorney, notes, 8 A. L. R. 1262; 12 A. L. R. 1189.

Jeremiah F. Sullivan for Petitioners.

THE COURT.—This is a proceeding for disbarment, instituted by the filing in this court of a certified copy of the judgment of the United States district court for the northern district of California in the cause entitled *The United States of America, Plaintiff,* v. *Daniel O'Connell,* No. 6220, from which it appears that said Daniel O'Connell was convicted therein of the crime of conspiracy to violate the act of Congress of May 18, 1917, (U. S. Comp. Stats. 1918, U. S. Comp. Stats. Ann. Supp. 1919, secs. 2044a–2044k), and the act of Congress of June 15, 1917, (U. S. Comp. Stats. 1918, U. S. Comp. Stats. Ann. Supp. 1919, secs. 10212a–10212h), and that by said judgment said Daniel O'Connell was on September 29, 1917, sentenced to imprisonment in the United States penitentiary at McNeil island, in the state of Washington, for a period of seven years.

This judgment having been affirmed by the supreme court of the United States (*O'Connell* v. *United States,* 253 U. S. 142, [64 L. Ed. 827, 40 Sup. Ct. Rep. 444]), a certified copy of the judgment and mandate of such court was filed herein, and an order to show cause was thereupon made by us requiring said Daniel O'Connell to show cause why, on account of said conviction, his name should not be stricken from the roll of attorneys and counselors of the court and he be precluded from practicing as such attorney or counselor in all the courts of the state. He filed a demurrer and answer, and has also filed a brief in support of his claim that his conviction constitutes no ground for disbarment.

[1] The *conviction* of an attorney and counselor "of a felony or misdemeanor involving moral turpitude" in a court of this or another state or in a court of the United States is ground for his disbarment, and in such a case the record of conviction is conclusive evidence of such conviction. [2] Upon production of such a record in this court, it is made the duty of the court to proceed thereon and to give judgment striking the name of the attorney from the roll of attorneys and counselors of the court, and precluding him from practicing as an attorney and counselor in all of the courts of the state. (See *Barnes* v. *District Court of Appeal,* 178 Cal. 500, [173 Pac. 1100].)

The claim of the accused is that the crime of which he was convicted did not involve moral turpitude, which he claims is an essential to disbarment when the proceeding is under subdivision 1 of section 287 of the Code of Civil Procedure, which states the cause for disbarment as follows: "His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence."

In his answer the accused sets up certain matters alleged to be shown by the so-called bill of exceptions attempted to be incorporated as a part of the record in his case on the review of the proceedings by the supreme court of the United States, as showing that under the circumstances of his case there was no moral turpitude on his part. We cannot even enter upon a discussion of this claim on its merits. As we have seen, "the record of conviction" is made conclusive evidence in so far as this proceeding is concerned. Even if we should assume for the purposes of this decision that a properly settled bill of exceptions might properly be held to constitute a part of the "record of conviction" within the meaning of this statute, for which, so far as we have seen, there appears to be no authority, we have the decision of the supreme court of the United States to the effect that the bill of exceptions in this case was not presented until after the power of the trial court over the cause expired, with the result that the attempted proceedings "concerning settlement of a bill thereafter were *coram non judice,*" and that the bill copied in the record could not be considered. (See *O'Connell* v. *United States, supra.*) Clearly, in view of this ruling, the so-called bill constitutes no part of "the record of conviction."

The record shows that the indictment against the accused contained two counts, on each of which he was convicted. It will be necessary here to consider only the offense charged in one of these counts, viz., conspiracy to violate section 3 of the act of Congress of June 15, 1917 (40 Stat. 219), commonly known as the Espionage Act, in so far as the same prohibits in time of war the willful obstruction of the recruiting or enlistment service. Section 3 of that act at that time was as follows:

"Whoever, when the United States is at war, shall willfully make or convey false reports or false statements with intent to interfere with the operation or success of the mili-

tary or naval forces of the United States or to promote the success of its enemies and when the United States is at war, shall willfully cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or shall willfully obstruct the recruiting or enlistment service of the United States, to the injury of the service or of the United States, shall be punished by a fine of not more than ten thousand dollars or imprisonment for not more than twenty years, or both.''

[3] From the foregoing it conclusively appears that the accused, an attorney and counselor of this state, was convicted of the crime of having willfully engaged in a conspiracy having for its definite purpose the obstruction, while the United States was at war, of the recruiting or enlistment service of the United States. The simple question remaining is whether such an offense on his part involves "moral turpitude." It seems to us that it would, indeed, be a narrow and restricted definition of the term that does not include such an offense. To put it in other words, the accused, an attorney and counselor of this state, was convicted of engaging in a conspiracy for the purpose of hindering his country, while at war, from procuring by recruiting or enlistment the military force deemed essential to the carrying on of war. That such conduct on his part would involve moral obliquity and constitute a base offense against his fellow-men and his country entirely regardless of statute prohibiting it cannot, it seems to us, be seriously questioned. It is conduct closely akin to that constituting treason, than which, in the estimation of mankind generally, nothing could be more base. Moral turpitude has been defined by many authorities as "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow-men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." (See *In re Henry*, 15 Idaho, 755, 758, [21 L. R. A. (N. S.) 207, 99 Pac. 1054, 1055].) In the *Matter of Coffey*, 123 Cal. 522, [56 Pac. 448], we approved the definition of turpitude given by Bouvier, viz., anything done "contrary to justice, honesty, modesty or good morals." We entertain no doubt that the offense with which the accused was charged and of which he was convicted comes within these definitions. As we have already said, it is not for us to determine whether or not he was in

fact guilty of this offense, our statute making the *conviction* the ground of disbarment, and the record thereof conclusive.

It is ordered that the name of Daniel O'Connell be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as an attorney or counselor in all the courts of this state.

Angellotti, C. J., Shaw, J., Wilbur, J., Lennon, J., Sloane, J., Lawlor, J., and Olney, J., concurred.