IN THE MATTER OF SAMUEL R. WILEY

[No. 1268S213. Filed December 11, 1969.]

PER CURIAM.—This original action was commenced by the Disciplinary Commission of this Court by the filing of an Information for the Revocation of Admission to Practice Law which contained allegations that the respondent had been convicted of a felony while a member of the Bar of this State and that the conduct of the respondent was violative of the standards of moral and professional conduct of an attorney at law, and prayed that the respondent be disbarred from the practice of law.

After due notice a hearing was held before Supreme Court Disciplinary Commissioner, Wilson E. Shoup, at which hearing the respondent appeared. Following the hearing the Commissioner made special findings of fact. Pursuant to the directions of this Court respondent was given fifteen (15) days from the date of the filing of the findings of fact to file exceptions with the Court. No exceptions to the findings of facts were filed by the respondent.

The Commission found that the respondent in October, 1966, was convicted in the Circuit Court of Wayne County, Missouri, of the offense of making a false statement to obtain credit; that this conviction was affirmed by the Supreme Court of Missouri; that he began serving a two year sentence on December 1, 1967; that the offense of which he was convicted was a felony punishable by a maximum sentence of five (5) years; and that he has been convicted of an offense which would be a felony if committed in this State.

We have considered the facts presented here in the full transcript of the evidence given at the hearing before the Commissioner, the Commissioner's special findings of fact, and we have considered the nature of the offense of which this respondent was convicted. Having considered these things we conclude that this respondent's conduct, resulting in his conviction, while a member of the Bar of this State, was viola-

tive of his oath as an attorney and the Canons of Professional Ethics and is demonstrative of a lack of honesty and good moral character. We further conclude that he is not a fit and proper person to practice the profession of law and that he be disbarred.

Now, therefore, the Court renders the following judgment to-wit:

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that SAMUEL R. WILEY be, and he is, hereby disbarred from the practice of law in the State of Indiana.

IT IS FURTHER ORDERED that the name of SAMUEL R. WILEY be stricken from the role of attorneys licensed to practice law in the State of Indiana. The Clerk of this Court is directed to note this suspension on the roll of attorneys of this Court.

NOTE.—Reported in 252 N. E. 2d 799.