## WATSON V. STATE OF INDIANA.

[No. 670S127. Filed December 14, 1970. Petition for rehearing withdrawn January 14, 1971.]

*Alex Clark*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Assistant Attorney General, for appellee.

HUNTER, C. J.—Appellant was charged by affidavit with the offense of robbery. Upon a plea of not guilty, the cause was tried before the Marion Criminal Court and appellant was found guilty of the lesser offense of theft. Thereafter, appellant was sentenced to the Indiana State Prison for a term of one (1) to ten (10) years and costs.

On this appeal appellant challenges only the sufficiency of the evidence relied upon to sustain the conviction. To facilitate

a consideration of the issues thus presented, a brief recital of the evidence most favorable to the state follows.

One Kenneth H. Vincent, in the early morning hours of June 26, 1969, was leaving the Huddle Restaurant on North Meridian Street in Indianapolis when he was asked by a man identified to be appellant if he would like to see a "girlie show." Vincent indicated that he would and accompanied appellant to a nearby apartment house. Upon arriving, they entered the basement of the building; appellant left momentarily and returned with another man. Vincent was then told that they could go upstairs, but was first requested to place his valuables in an envelope. Vincent pulled his wallet from his pocket but then indicated that he did not want to give it to the men. Appellant and his accomplice then grabbed Vincent's wallet and wrist-watch and fled the scene. The watch had a value of approximately forty dollars ($40) and the wallet contained approximately one hundred and twenty-five dollars ($125) in cash. Appellant was identified from police photographs and was subsequently arrested in Louisville, Kentucky, with the stolen wrist-watch in his possession.

Appellant first contends that the evidence was insufficient to prove that appellant had any intent to commit a criminal act. However, intent may be inferred from the surrounding circumstances of the case. *Tuggle* v. *State* (1970), 253 Ind. 279, 252 N. E. 2d 799; *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N. E. 2d 866. It is clear from the facts of this case, as above recited, that the trier of fact could reasonably infer appellant's criminal intent.

Secondly it is contended that the verdict was not sustained by sufficient evidence in that there was no showing that appellant exerted unauthorized control over the property of the victim. Such a contention is patently unsupportable. Vincent testified that appellant and his accomplice took the wallet and wrist-watch and fled. Clearly under the facts of this case such action constitutes unauthorized control as defined in *Williams* v. *State* (1969), 253 Ind. 316, 253 N. E.

2d 242. Nor does it matter that Vincent was unable to specify which of the two men actually took the articles since both participants, being engaged in an unlawful act, are equally criminally responsible. *Atherton* v. *State* (1967), 248 Ind. 354, 229 N. E. 2d 239; *Steele* v. *State* (1967), 249 Ind. 81, 229 N. E. 2d 237; *White* v. *State* (1941), 219 Ind. 290, 37 N. E. 2d 937.

Appellant also notes in passing that there was no showing that Vincent was put in fear. As appellee has pointed out, however, placing the victim in fear is *not* an element of theft as defined at Ind. Ann. Stat. § 10-3030 (1970 Supp.). See *Williams* v. *State, supra.*

The evidence in this case being sufficient to sustain the conviction of appellant, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, DeBruler, Givan and Jackson, JJ., concur.

NOTE.—Reported in 264 N. E. 2d 616.