**Patrick L. SEARCY, Appellant,**

v.

**The STATE BAR OF TEXAS, Appellee.**

**No. 16448.**

Court of Civil Appeals of Texas,
San Antonio.

June 25, 1980.

Rehearing Denied July 24, 1980.

Frederick J. Deyeso, Deyeso & Appleberry, San Antonio, for appellant.

Claude E. Ducloux, Austin, for appellee.

Before CADENA, C. J., and KLINGEMAN and MURRAY, JJ.

## OPINION

KLINGEMAN, Justice:

This is an appeal from a summary judgment entered by the district court of Bexar County, Texas, disbarring Patrick L. Searcy from practicing law in the State of Texas and ordering that his name be stricken from the rolls of attorneys of the State of Texas.

Appellant Patrick L. Searcy asserts that the trial court erred in granting appellee's motion for summary judgment and entering an order of disbarment because: (a) the statute under which appellant was convicted does not involve moral turpitude; (b) there are genuine issues of material fact; and (c) appellant was denied due process and an opportunity for a hearing.

The pertinent portion of the statute relied on by appellee for disbarment, Tex.Rev. Civ.Stat.Ann. art. 320a–1, § 6 (Vernon 1973), states:

Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him.[1]

On March 11, 1977, in criminal cause No. SA–76–CR–159, in the United States District Court, Western District of Texas, entitled *United States v. Patrick L. Searcy*, Searcy was convicted of violation of 18 U.S.C. § 1014 (1976)—knowingly making a false statement in an application for a loan. As a result of this conviction, Searcy was sentenced to two years' confinement in a federal penal institution and fined $5,000. Searcy was denied probation and was confined in a federal correctional institution.

The summary judgment, consisting of the pleadings, exhibits and admissions on file, established that: (1) appellant was a resident of Bexar County, Texas, at all times material in this action; (2) appellant was a licensed attorney in the State of Texas at the time of his conviction; (3) appellant had

---

1. Since this lawsuit was instituted in the district court, provisions of the new State Bar Act, Tex.Rev.Civ.Stat.Ann. art. 320a 1 (Vernon Supp. 1979), have come into effect. Both appellant and appellee agree that the provisions dealing with disbarment proceedings involving moral turpitude contained in Section 16 of the new State Bar Act are essentially unchanged from the provisions of Section 6 of the old Act under which this cause was initiated.

been convicted of a felony offense of knowingly making a material false statement in a loan application submitted to the Bank of San Antonio, in violation of 18 U.S.C. § 1014 (1976) in criminal cause No. SA–76–CR–159; (4) the sentence imposed against Searcy was the maximum for that offense and such sentence was not probated; (5) the sentence imposed on Searcy consisted of confinement in a federal penal institution for a period of time greater than one year indicating a felony grade offense pursuant to 18 U.S.C. § 1 (1969); and (6) Searcy's conviction is final, the appeal having been dismissed.

The primary question on this appeal is whether the crime of which appellant was convicted involves moral turpitude. Appellant's defense in this regard is that there must be an intent to defraud for the offense to be one involving moral turpitude, which is not required under 18 U.S.C. § 1014; that he did not intend to defraud anyone; and that he has repaid all banks involved and obtained releases.

Moral turpitude has been defined as anything done knowingly contrary to justice, honesty, principle, or good morals. *In re O'Connell*, 184 Cal. 584, 194 P. 1010, 1012 (1920); *In re Disbarment of Coffey*, 123 Cal. 522, 56 P. 448, 449 (1899); *In re Pontarelli*, 393 Ill. 310, 66 N.E.2d 83, 85 (1946). It has also been defined to be an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general. *In re O'Connell*, 184 Cal. 584, 194 P. 1010, 1012 (1920); *Braverman v. Bar Ass'n of Baltimore City*, 209 Md. 328, 121 A.2d 473, 481 (1956); *John's Vending Corp. v. Secretary of Revenue, Cigarette Tax Bd., Dep't of Revenue*, 3 Pa.Cmwlth. 658, 284 A.2d 834, 837 (1971). The term implies something immoral in itself, regardless of whether it is punishable by law. The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude. *See In re O'Connell*, 184 Cal. 584, 194 P. 1010 (1920). Immoral conduct is that conduct which is willful, flagrant, or shameless and which shows a moral indifference to the opinion of the good and respectable members of the community. *In re Hicks*, 163 Okl. 29, 20 P.2d 896 (1933); *Muniz v. State*, 575 S.W.2d 408 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

Appellant relies on cases involving income tax evasion, particularly California cases, and cites *In re Hallinan*, 43 Cal.2d 243, 272 P.2d 768 (1954). We do not regard such cases as controlling or even persuasive. Appellant attempts to equate conviction for income tax evasion with violation of 18 U.S.C. § 1014. It is noteworthy that in *Hallinan* the court observed that crimes involving fraud involve moral turpitude, but also stated: "[I]t is also settled that the related group of offenses involving intentional dishonesty for purposes of personal gain are crimes involving moral turpitude." 272 P.2d at 771. California, the state relied upon heavily by appellant, has held that a conviction under 18 U.S.C. § 1014 is an offense involving moral turpitude, *In re J. Joseph Kennedy*, Supreme Court No. BAR MISC. 3904 (Cal.Sup., filed Sept. 3, 1976; Dec. 13, 1978; May 17, 1979), and is sufficient to support disbarment.

It is to be remembered that Searcy was convicted after a plea of guilty. By pleading guilty to the criminal indictment in question, appellee admitted as true all of the necessary allegations of the criminal law under which he was charged. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425 (1969); *State v. Nelson*, 551 S.W.2d 433, 435 (Tex. Civ.App.—San Antonio 1977, writ ref'd n.r. e.). The indictment here involved alleged that Searcy knowingly made a material false statement in an application for a loan submitted by Searcy to the Bank of San Antonio, the deposits of which are insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of said bank to approve said loan; that he falsely represented that he owned various properties with a net worth of approximately $750,000 and that he falsely represented that he was only indebted to one bank. He has admitted the truth of these allegations by pleading guilty to offense charged.

In a case involving alleged violations of 18 U.S.C. § 1014, the Circuit Court of Appeals in *United States v. Sabatino*, 485 F.2d 540 (2d Cir. 1973), *cert. denied* 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974), held:

> But there is no ambiguity with respect to the specific intent required to be proved. The false statement which the statute [18 U.S.C. § 1014] prohibits shall be 'for the purpose of influencing in any way the action of . . . any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.' To have 'the purpose of influencing' such a bank, the defendant must have known that it was a bank that he intended to influence. . . . 'the essence of the crime is the making of a false statement in an application for a loan for the purpose of influencing in any way the action of the bank from which the loan is sought.'

485 F.2d at 544.

There are a number of Texas cases involving disbarment of an attorney for a conviction of a felony involving moral turpitude. This court in *State v. Nelson*, 551 S.W.2d 433 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.), held that the offense of making an illegal political contribution was a felony involving moral turpitude and upheld a summary judgment against the attorney involved under the mandatory provisions of section 6 of Tex.Rev.Civ.Stat. Ann. art. 320a–1 (Vernon 1973).

In *Muniz v. State*, 575 S.W.2d 408 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.), the disbarment of an attorney was upheld upon proof of federal court felony convictions of conspiring to import and to possess with intent to distribute substantial amounts of marijuana and for willfully failing to appear in court as ordered. The court found that proof of such convictions constituted conduct involving moral turpitude and that the trial court properly granted the State's motion for summary judgment.

In a recent case, *Freedson v. State Bar of Texas*, 600 S.W.2d 349 (Tex.Civ.App.— Houston, 1980) (not yet reported), Freedson was found guilty in the federal district court of violating 18 U.S.C. § 371 (1966), conspiring to violate 18 U.S.C. § 1001 (1976). The trial court granted the State Bar's motion for summary judgment disbarring Freedson. Freedson contended on appeal that the summary judgment proof did not establish, as a matter of law, that his conviction was one involving moral turpitude and that such question required a factual determination precluding summary judgment. The court of civil appeals disagreed and affirmed the trial court's judgment.

Although an intent to defraud is not an essential element of a conviction under 18 U.S.C. § 1014, we do not accept appellant's argument that the acts of which appellant pleaded guilty do not contain the essential elements of fraud. The gist of the offense as charged is that Searcy willfully and knowingly made material false statements in an application for a loan from a lending institution insured by the Federal Deposit Insurance Corporation for the purpose of obtaining a loan. The gravamen of the crime is the offense of knowingly lying to obtain a loan for the personal benefit of the appellant. Such conduct contains the essential elements of fraud, and clearly meets the criteria of a crime involving moral turpitude.

The Supreme Court of the United States in *Jordan v. DeGeorge*, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951), stated:

> Whatever else the phrase 'crime involving moral turpitude' may mean in peripheral cases, the decided cases make it plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude. . . . The phrase 'crime involving moral turpitude' has without exception been construed to embrace fraudulent conduct.

341 U.S. at 232, 71 S.Ct. at 708, 95 L.Ed. at 892. *See e. g. In re Wiley*, 253 Ind. 704, 252 N.E.2d 799 (1969); *Iowa State Bar Ass'n v. Kraschel*, 260 Iowa 187, 148 N.W.2d 621 (1967); *Attorney Grievance Comm'n v. Andresen*, 281 Md. 152, 379 A.2d 159 (1977); *Attorney Grievance Comm'n v. Reamer*, 281 Md. 323, 379 A.2d 171 (1977); *Bar Ass'n of Baltimore City v. Snyder*, 273 Md. 534, 331 A.2d 47 (1975).

We reject appellant's contention that the felony of which appellant was convicted does not involve moral turpitude.

Appellant also contends that the court erred in granting appellee's motion for summary judgment because there are genuine issues of material fact. We disagree. The summary judgment evidence conclusively establishes as a matter of law all essential elements required for disbarment of attorneys under section 6 of Tex.Rev.Civ.Stat. Ann. art. 320a–1 (Vernon 1973). There is no genuine issue as to any material fact and appellee is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970).

■ Appellant does not particularly brief this point of error and his only defenses appear to be that (a) appellant was not charged with professional misconduct; (b) he has only been convicted of making a false statement to a bank on a loan application; (c) appellant had no intent to defraud anyone; and (d) the bank did not lose any money. Assuming these allegations are true, they do not constitute a defense in the matter here involved.

■ The Texas cases hereinbefore cited, *State v. Nelson*, 551 S.W.2d 433 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.), *Muniz v. State*, 575 S.W.2d 408 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.), and *Freedson v. State Bar of Texas*, No. 17622 (Tex.Civ.App.—Houston, filed Ap. 10, 1980) (not yet reported), were all summary judgment proceedings involving disbarment of lawyers for offenses involving moral turpitude and which summary judgments were upheld by the appellate courts.[2]

By his last point of error, appellant asserts that disbarment by summary judgment denied him due process and an opportunity to be heard. Although he cites no authorities to support such contention, he argues that to allow summary disbarment for a conviction under the particular statute here involved denied him an opportunity to

be heard, as the subject statute allows no evidence as to intent to defraud, or even repayment.

Appellant makes no complaint that he was not duly cited for all hearings or that he had no opportunity to appear. In fact, the record shows that he was duly cited after a formal complaint was filed; that he was represented by legal counsel and filed an answer; that after a motion for summary judgment was filed he answered and filed controverting affidavits and exhibits; and that he appeared in person and by counsel on the motion for summary judgment.

■ A primary requirement of due process in any proceeding which is to be accorded finality, is notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62, 65 (1965), *H.P.F. v. B.D.P.*, 479 S.W.2d 124, 127 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.). The other fundamental requirement of due process is the opportunity to be heard. *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363, 1369 (1914). *See Galindo v. State*, 535 S.W.2d 923, 927 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■ Appellant makes no contention that he did not have adequate notice or that he did not have an opportunity to be heard. Appellant's last point of error is overruled.

The judgment of the trial court is affirmed.

*United States ex rel. Millard v. Tuttle*, 46 F.2d 342 (E.D. La. 1930).

**2.** The determination of whether a crime involves moral turpitude is a question of law addressed to the courts and not a fact issue.