

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00334-CV

Danica L. **ALCARAZ**,
Appellant

v.

Jay A. **ALCARAZ**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-10611
Honorable Andy Mireles, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   April 7, 2010

AFFIRMED

This is an appeal from an order on pleadings for enforcement and modification in a family

law case. Both parties are appearing pro se on appeal. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Danica L. Alcarez and Jay A. Alcarez, parents of A.G.A. and G.R.A., were married in 1992

and divorced in 2006. Danica and Jay were appointed joint managing conservators of the children.

Danica was appointed primary conservator, and Jay was ordered to pay $600 per month in child support.

In October 2008, Danica filed a document entitled, "Motion for Enforcement of Possession or Access and Motion for Enforcement of Child Support Order and Order to Appear." Jay responded by filing a document entitled,"Respondent's Original Answer to Petition for Enforcement and Counter-Petition to Modify in Suit Affecting Parent-Child Relationship." In his petition, Jay asked that the children be allowed to reside primarily with him. Jay attached statements signed by the children wherein the children asked the trial court to allow them to live with their father. Jay also asked that Danica be ordered to pay child support.

A hearing on the parties' pleadings was held on June 1, 2009. Jay appeared in person and by counsel. Danica, although previously represented by counsel, appeared pro se. After hearing evidence and arguments, the trial court denied Danica's motion for enforcement and granted Jay's petition to modify. The trial judge signed a modification order that allowed the parties to remain joint managing conservators, but appointed Jay as primary conservator. Jay's previous order to pay child support was cancelled, and Danica was ordered to begin paying child support. After Danica pointed out that the modification order contained a clerical error as to the child support amount, the trial judge signed a nunc pro tunc order reflecting the proper child support amount of 25% of Danica's net monthly income in accordance with the child support guidelines.

Danica appeals the trial court's order only as it pertains to the issue of child support. Danica does not contend that she should not be ordered to pay child support, but rather takes issue with the amount she is ordered to pay.

## DISCUSSION

In one issue on appeal, Danica contends,

there was not an opportunity to present arguments during either the original hearing or the hearing to correct the clerical mistake that severe financial hardship was imposed by the new Order and that the financial hardship negatively impacts the children of this suit.[1]

We construe Danica's issue on appeal as a complaint that, because she was denied the opportunity to be heard during argument at the trial court, she was denied due process. *See Searcy v. State Bar of Texas*, 604 S.W.2d 256, 260 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r.e.) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)) (stating a fundamental requirement of due process is the opportunity to be heard). We will review the reporter's record from the June 1, 2009, hearing to determine whether Danica was denied her right to be heard.

There is no question Danica, although not represented by counsel, had notice of and appeared at the June 1, 2009, hearing. The trial court began the hearing by confirming that the issues before the trial court were a change in primary conservatorship, child support, and visitation. Jay then testified on direct examination that he wanted to be named primary conservator and that the two children had filed statements with the court indicating they wanted to live with him. Jay further testified about the living conditions at each of the parties' homes, including the fact that the children

---

[1] The record on appeal consists of the clerk's record and the reporter's record of the June 1, 2009, hearing. Although Danica complains that she was prevented from presenting arguments during the nunc pro tunc hearing, she has not brought forth a reporter's record from that hearing. Without a reporter's record, we are left with nothing to review. Thus, any complaints Danica has relating to the nunc pro tunc hearing are waived, and we are limited to a review of the June 1, 2009, hearing. *See Cantu v. Guerra & Moore, Ltd. LLP*, No. 04-08-00786-CV, 2009 WL 3460321, at *7 (Tex. App.—San Antonio October 28, 2009, no pet. h.) (stating that by failing to bring forth a sufficient record to show reversible error, *i.e.*, a transcript of the recusal hearing, appellant waived any right to complain about the trial court's denial of his recusal motion).

had found illegal drugs in Danica's home. And, Jay testified that he was asking for Danica to pay child support. Danica was then allowed to cross-examine Jay. Cross-examination focused on the living conditions of the parties' homes and the schools the children attended.

Danica then testified on her own behalf indicating she wanted the children to live with her. She testified that the drugs the children had found in her home belonged to a man who lived with her; however, he moved out as soon as she found out about the drugs. On cross-examination, Danica testified generally about the living conditions in her home and about the children's education.

In response to questions from the trial judge, Danica testified that while her children wanted a close bond with their father, her household was more suited to accommodating their needs. The trial judge then reassured Danica that he would be making his decision based not on whether she was an unfit mother, but rather on the children's best interest and their request to live with their father.

At the end of Danica's testimony, the trial judge asked Danica if she had anything else to tell him. She responded by asking if the court would be considering her motion for enforcement, to which the trial judge answered, "Yes." The court then asked if the parties would like to confer and try to reach a compromise. Both sides declined, and the court then recessed for ten minutes.

After the recess, the trial judge read his order into the record. The trial judge granted Jay's petition to modify; appointed the parties joint managing conservators, with Jay designated primary conservator; ordered Danica to pay 25% of her net monthly income in child support in accordance with the child support guidelines; and set visitation according to the standard possession order. The trial judge also denied Danica's motion to enforce. Danica then asked the trial judge to lower the child support to $600 per month, the amount Jay had previously been ordered to pay. The trial judge

responded, "I asked that question before I left the [b]ench to see if you wanted to discuss any matter that's in front of the Court, you chose not to."

It appears from a reading of the reporter's record that Danica was not deprived of her right to be heard regarding the amount of child support she was ordered to pay. Jay included a request for child support in his petition to modify, the trial judge confirmed at the beginning of the hearing that child support was an issue to be considered, and Jay testified that he was seeking child support from Danica. Danica was given the opportunity to cross-examine Jay and to testify on her own behalf. The trial judge wrapped up testimony by giving Danica the opportunity to relate to him anything else she had to say. Although the main focus of the testimony at the hearing concerned where the children would reside, it was apparent that child support and visitation were also issues to be determined by the trial judge. We cannot say, therefore, that Danica was denied an opportunity to be heard on the child support issue—she simply chose not to.

We note that, in her brief, Danica not only argues that she was deprived of an opportunity to be heard on the child support issue, but she also presents arguments and exhibits to prove to this court that she should be required to pay less child support. We are, however, unable to consider evidence or arguments that were not before the trial court. *See Canton-Carter v. Baylor College of Medicine,* 271 S.W.3d 928, 932 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating appellate court could not consider documents attached to an appellate brief that were not part of the appellate record); *Castano v. San Felipe Agric. Mfg. and Irrig. Co.*, 147 S.W.3d 444, 452-53 (Tex. App.—San Antonio 2004, no pet.) (stating appellate court must hear and determine a case on the record as filed and may not consider documents attached as exhibits to briefs).

Accordingly, we affirm the trial court's order.

Karen Angelini, Justice