

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00077-CV

IN RE COMMITMENT OF BILLY DEAN PRICE

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-16-42488

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

A jury determined that Billy Dean Price suffered from a behavioral abnormality that made him likely to engage in a predatory act of sexual violence. Accordingly, the trial court ordered Price committed to supervision and treatment pursuant to Chapter 841 of the Texas Health & Safety Code, titled "Civil Commitment of Sexually Violent Predators." On appeal, arguing that his nolo contendere plea was inadmissible in this civil proceeding, Price contends that the trial court erred in admitting an Oklahoma conviction of attempted rape. He also argues that the trial court erred in overruling his objection to the State's use of a hypothetical during the cross-examination of Price's expert witness.

We affirm the trial court's judgment because we conclude that the trial court did not abuse its discretion (1) in admitting the Oklahoma conviction in this Chapter 841 case and (2) in overruling Price's objection to the State's hypothetical.

## I. Standard of Review

In a civil proceeding, "[e]videntiary rulings are committed to the trial court's sound discretion." *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam) (citing *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001)); *see Good v. Baker*, 339 S.W.3d 260, 270 (Tex. App.—Texarkana 2011, pet. denied). "A trial court abuses [its] discretion when it acts without regard for guiding rules or principles." *17 U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

**II.      No Abuse of Discretion in the Admission of the Oklahoma Conviction Is Shown**

Section 841.003 of the Texas Health and Safety Code sets forth the provisions by which a jury determines whether a person is a sexually violent predator subject to civil commitment. It provides,

> (a)      A person is a sexually violent predator for the purposes of this chapter if the person:
>
> (1)      is a repeat sexually violent offender; and
>
> (2)      suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.

TEX. HEALTH & SAFETY CODE ANN. § 841.003(a) (West Supp. 2016).

Section 841.003 defines the first factor in the determination in the following manner: "A person is a repeat sexually violent offender for the purposes of this chapter if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses." TEX. HEALTH & SAFETY CODE ANN. § 841.003(b) (West Supp. 2016). The second factor—whether the person has a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence—is defined in Section 841.002, which contains the following definitions:

> (2)      "Behavioral abnormality" means a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person.
>
> . . . .

3

(8)     "Sexually violent offense" means:

    (A)     an offense under Section 21.02, 21.11(a)(1), 22.011, or 22.021, Penal Code;

. . . .

    (E)     an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an offense listed in Paragraph (A) . . . ; [or]

. . . .

    (G)     an offense under the law of another state . . . that contains elements substantially similar to the elements of an offense listed in Paragraph (A) . . . or (E).

TEX. HEALTH & SAFETY CODE ANN. § 841.002 (West Supp. 2016).

In 1990, Price pled nolo contendere to the Oklahoma offense of attempted rape. The judgment from the Oklahoma conviction recited that the trial court found Price guilty of attempted rape and sentenced him to five years' imprisonment. In 1998, Price pled guilty to the Texas offense of aggravated sexual assault of a child. A Texas court found Price guilty and sentenced him to twenty years' imprisonment. The State introduced both the Oklahoma and Texas convictions in Price's civil commitment case.

When the State attempted to introduce the Oklahoma conviction, Price objected on the ground that a plea of nolo contendere was inadmissible in a civil case.[1] The trial court overruled Price's evidentiary objection.

---

[1]Counsel's objection to the Oklahoma conviction was as follows:

    In this matter, Mr. Price was actually convicted of the attempted rape, so to put the information on a charge that was lessened from a rape to an attempted rape is not only highly prejudicial, it's something he didn't plea to, nor is it something that he was convicted of, and I

4

Price's argument that the Oklahoma convictions could not be admitted into evidence rested on Article 27.02 of the Texas Code of Criminal Procedure and Rule 410 of the Texas Rules of Evidence. Article 27.02 states that a nolo contendere plea has the same effect as a plea of guilty, "except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). However, the Texas Code of Criminal Procedure does not generally apply to a civil commitment case. While "[t]he number and selection of jurors are governed by Chapter 33, Code of Criminal Procedure," Section 841.146 clarifies that "a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases." TEX. HEALTH & SAFETY CODE ANN. § 841.146(a), (b) (West Supp. 2016).[2] Thus, we turn to Price's argument based on the Rules of Evidence.

Rule 410 provides that evidence of a defendant's prior nolo contendere plea is not admissible against the defendant in a civil case. TEX. R. EVID. 410(a)(2). The State acknowledges the potential for conflict between Rule 410 of the Texas Rules of Evidence and Chapter 841, but argues that this case is similar to *In re Commitment of Young*, 410 S.W.3d 542 (Tex. App.— Beaumont 2013, no pet.). In that case, Young argued that the trial court abused its discretion in

---

believe that that is misleading the jury by showing the first page of it. I don't necessarily have an objection to the attempted-rape indictment as itself.

My other objection to the whole thing is, according to the Texas Rules of Evidence, this is a civil matter, and Mr. Price has pled no contest in this case to those crimes, and no-contest pleas cannot be used against him in any civil matter.

[2]We recognize that Article 27.02(5) reads more like a Rule of Evidence than a Rule or Procedure. However, our conclusion that it does not apply to civil commitment cases is also rooted in Section 841.003's language stating that a repeat sexually violent predator includes a person who has entered a plea of nolo contendere. TEX. HEALTH & SAFETY CODE ANN. § 841.003(b)(1)(B).

5

requiring him to answer requests for admissions asking him to admit or deny that he had been convicted in three separate criminal charges. *Id.* at 552. Young's objection was based on the fact that he had pled nolo contendere to those cases, and pursuant to Rule 410, evidence of a prior nolo contendere plea is not admissible in a civil case. *Id.* Our sister court determined (1) that the requests did not ask Young to admit or deny whether he had pled nolo contendere and (2) that "Rule 410 is not intended to prevent the State from proceeding under a statute to impose civil consequences that result from criminal convictions." *Id.* (citing *Turton v. State Bar of Tex.*, 775 S.W.2d 712, 715 (Tex. App.—San Antonio 1989, writ denied) ("concluding that Rule 410 did not preclude admission of a nolo contendere plea in an action brought under the State Bar Act to suspend an attorney for conviction of a serious crime")).[3]

In the absence of controlling Texas precedent to the contrary, the trial court was within its discretion to agree with our sister court's ruling that Rule 410 was not intended to prevent the introduction of convictions for sexually violent predators in civil commitment cases. We also believe that such a conclusion is rooted in the language of Chapter 841 itself. Price argued that

> when the Legislature defined a "repeat sexually violent offender" in Section 841.003(b) to mean a person who has been "convicted" of more than one sexually violent offense, it had to have done so with the understanding that this "conviction" would not include a nolo contendere plea-based "conviction" for purposes of a civil suit under Chapter 841.

---

[3]The State also argued that the Texas Legislature adopted *Young*'s interpretation of whether Rule 401 applies to Chapter 841 cases because it reenacted Section 841.003 after the *Young* opinion had issued.

Yet, the trial court could have determined that the Texas Legislature indicated the opposite intent given that Section 841.003 also provides that if a sentence is not imposed for one of the offenses, a person is still a sexually violent predator if:

> (1)     the person:
>
> > (A)     is convicted of a sexually violent offense, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the person was subsequently discharged from community supervision; [or]
> >
> > (B)     enters a plea of guilty or nolo contendere for a sexually violent offense in return for a grant of deferred adjudication.

TEX. HEALTH & SAFETY CODE ANN. § 841.003(b)(1).

Because the issue of whether Price was a sexually violent predator was before the jury and required admission of evidence on the issue, we conclude that the trial court did not abuse its discretion in admitting the Oklahoma conviction. Accordingly, we overrule Price's first point of error.

### III. No Abuse of Discretion in Overruling Price's Objection to a Hypothetical Is Shown

In his last point of error, Price argues that the trial court erred in overruling his objection to the hypothetical question posed by the State during the following exchange:

> Q.     You're also familiar with the book by Dennis Doren entitled Evaluating Sex Offenders?
>
> A.     Yes.
>
> . . . .
>
> Q.     Doren in this book discusses there are different ways of viewing the word "likely"?

7

> A.    He probably does.
>
> . . . .
>
> Q.    And Doren also talked about, does he not, this idea of "likely" varies in its meaning depending on the degree of injury that would be expected to a victim?
>
> A.    I think Doren has said that, but very few people would agree with that who do these types of evaluations.
>
> Q.    For example, if a person were about to board a plane and the person was told there's a 5-percent chance --
>
> [By the Defense]:  Objection, Your Honor.  May we approach?
>
> THE COURT:  You may.
>
> (At the bench.)
>
> [By the Defense]:  Talking about a plane as a 5-percent likelihood is not only lowering their burden of beyond a reasonable doubt, but it's inflaming the passion of the jury and misleading the evidence.
>
> THE COURT:  That objection is overruled.
>
> [By the Defense]:  Thank you, Your Honor[.]
>
> (Open court.)
>
> THE COURT:  You may proceed with your questions.
>
> Q.    (By [the State]) For example, if a person were about to board a plane and the person hypothetically was told that there was a 5-percent likelihood that the plane will crash before reaching its destination, you know, some people might view that as likely.
>
> A.    Well, that would be an unusual way to define likely.  The word "likelihood" is not the same thing as the word "likely." Likelihood is just another word for probability --

Specifically, Price argues (1) that the trial court cannot permit a party to use hypotheticals that

misstate the law, (2) that Chapter 841 does not include a definition of the term "likely," (3) that a

five percent chance of an occurrence cannot support a finding that an event is likely to occur, and thus, (4) that the State's hypothetical improperly lowered its burden to prove that Price suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.

Yet, at the time the trial court overruled Price's objection, the State had not finished asking its question. Thus, the statement "[f]or example, if a person were about to board a plane and the person was told there's a 5-percent chance" did not clearly supply the grounds for the objection at the time it was made. The State's questioning could have gone in the other direction by suggesting that a five percent chance meant that the occurrence was unlikely. Since Price's objection was premature, we cannot conclude that the trial court abused its discretion in overruling it.

Additionally, we note that Price lodged no objection after the State finished its hypothetical, and it appears that the answer given by the witness was favorable to Price. Furthermore, as the State points out, the jury was properly charged with respect to the State's burden of proof on the findings required to support civil commitment. Thus, error, if any, was harmless.

We overrule Price's last point of error.

## IV.    Conclusion

We affirm the trial court's judgment.



Bailey C. Moseley
Justice

Date Submitted:    April 6, 2017
Date Decided:      May 26, 2017