

# NUMBER 13-23-00529-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE THE COMMITMENT OF GUSTAVO ROSALES

### ON APPEAL FROM THE 206TH DISTRICT COURT
### OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Justice Fonseca**

Appellant Gustavo Rosales appeals a jury's finding that he is a sexually violent predator (SVP) and the trial court's order civilly committing him for sex offender treatment and supervision. In two issues, Rosales contends that (1) the trial court erred in admitting evidence of his 1999 conviction based on a *nolo contendere* plea and (2) the evidence is thus legally and factually insufficient to satisfy the first element of Texas Health and Safety Code § 841.003(a). We affirm.

## I.     BACKGROUND

In 1999, Rosales was convicted of aggravated sexual assault of a child and was sentenced to five years in prison. In 2004, Rosales was separately convicted of aggravated sexual assault of a child and was sentenced to twenty years in prison. Rosales was due to be discharged from his second sentence on August 18, 2024.

On November 16, 2022, the State filed an original petition alleging that Rosales is an SVP and requesting that he be committed for treatment and supervision. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 841 (SVP Act). At a pretrial hearing on September 15, 2023, Rosales objected to the proposed admission of a penitentiary packet from the Texas Department of Criminal Justice concerning his 1999 conviction because it contained a judgment reciting that he pleaded *nolo contendere*. Rosales argued that "a plea of *nolo contendere* is not admissible against a defendant who made the plea as evidence in a civil case." The trial court stated that redaction of the plea within the judgment was possible but that "the pen packet with the conviction and the judgment indicating the conviction . . . will be allowed to be presented to the jury."

A jury trial commenced on September 18, 2023. When the 1999 penitentiary packet was offered into evidence, Rosales's counsel objected that it lacked valid fingerprints. The trial court overruled the objection. While the State redacted a section of the judgment describing Rosales's plea, the title "Judgment on Plea of *Nolo Contendere* Before Court" and an excerpt stating that Rosales pleaded *nolo contendere* were left unredacted. The judgment recites that Rosales was convicted of aggravated sexual assault of a child and sentenced to five years in prison. The trial court also admitted into evidence a penitentiary packet concerning Rosales's 2004 conviction that contains a

2

judgment reciting that Rosales was found guilty of the offense of aggravated sexual assault of a child and sentenced to twenty years in prison.

Dr. Michael Arambula testified at trial that he is a general psychiatrist with extensive experience in examining mental illness. He further testified that, based on his review of Rosales's criminal and medical records, Rosales was twice convicted for sexual crimes against minors. There was no objection made. When Rosales took the stand, the following exchange took place between him and the State:

| [State]: | In 2004, you're sentenced to 20 years in prison for aggravated sexual assault of a child? |
|---|---|
| [Rosales]: | Yes, correct. |
| [State]: | That is not your first time in prison, though; is that right? |
| [Rosales]: | That's correct. |
| [State]: | You previously went to prison in 1999 for aggravated sexual assault of a child? |
| [Rosales]: | That's correct. |
| [State]: | Did you serve a five-year prison sentence? |
| [Rosales]: | That's correct. |

The jury returned a verdict finding beyond a reasonable doubt that Rosales is an SVP. *See id.* § 841.003(a)(1), (b). The trial court signed a final judgment in accordance with the jury's verdict and a civil commitment order. This appeal followed.

## II.    APPLICABLE LAW

The Legislature has found that "a small but extremely dangerous group of [SVPs] exists" and "those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the predators likely to

3

engage in repeated predatory acts of sexual violence." *Id.* § 841.001. The SVP Act provides a procedure for the indefinite, involuntary civil commitment of such individuals. *See id.* §§ 841.001–.153; *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002) (holding that a similar statute satisfies constitutional due process when there is "proof of serious difficulty in controlling behavior").

Under the SVP Act, a person may be civilly committed if the factfinder determines, by a unanimous verdict and beyond a reasonable doubt, that the person is an SVP. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.062, 841.081; *In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020) (citation omitted). An SVP is a person that (1) is a "repeat sexually violent offender" and (2) "suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(1)-(2). A "repeat sexually violent offender" is a person who has been convicted of more than one "sexually violent offense" with a sentence imposed on at least one of those convictions. *Id.* § 841.003(b).

### III.    *NOLO CONTENDERE* PLEA

In his first issue, Rosales complains that the trial court erred in admitting his 1999 conviction to satisfy the element that he is a repeat SVP because a *nolo contendere* plea is "inadmissible for any purpose" under Texas Rule of Evidence 410(a)(2).

### A.    Preservation and Waiver

The State first argues that the issue was not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a). Specifically, the State argues that Rosales's objections at trial do not comport with his complaint on appeal and that an objection must be raised each time the complained-of evidence is introduced.

4

During the September 15 pretrial hearing, at the trial court's request to streamline the presentation of exhibits to the jury, Rosales objected to the proposed admission of the 1999 penitentiary packet because it "contain[s] a judgment from 1999 [in] which [Rosales] made a *nolo contendere* plea." The trial court implicitly overruled the objection, stating that "the pen packet with the conviction and the judgment indicating the conviction . . . will be allowed to be presented to the jury." "The trial court has the authority to make a pretrial ruling on the admissibility of evidence." *In re Marriage of Harrison*, 557 S.W.3d 99, 122 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 557 (Tex. App.—Houston [1st Dist.] 1996, *aff'd*, 972 S.W.2d 35 (Tex. 1998)). Thus, the trial court's pretrial ruling overruling Rosales's objection to the 1999 penitentiary packet is sufficient to preserve Rosales's appellate complaint. *See id.* (finding that the trial court clearly ruled at a pretrial hearing that none of appellant's exhibits would be admitted at trial and announcing the ruling on the record was sufficient to preserve appellate review).

As the State points out, rather than citing Texas Rule of Evidence 410(a)(2), Rosales incorrectly cited the Texas Rules of Civil Procedure when making his objection at the pretrial hearing. However, a party "sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704 (Tex. 2021) (quoting *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020)). "[M]istakenly citing the wrong legal authority does not necessarily waive an argument whose substance is otherwise made known to the court." *Id.* at 705. Appellate courts should "hesitate to turn away claims based on waiver or failure to preserve the issue." *First United*

5

*Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017). Here, while Rosales cited the Texas Rules of Civil Procedure instead of the Texas Rules of Evidence, the substance of his argument specifically focused on *nolo contendere* pleas being inadmissible in civil cases against the defendant who made the plea. *See* TEX. R. EVID. 410(a)(2). The record indicates that the trial court understood the substance of Rosales's argument, as it offered for the plea portion of the judgment to be redacted to alleviate the *nolo contendere* concern. Thus, Rosales's misstatement of law has no bearing on the issue of preservation.

The State further argues that Rosales waived his objection by failing to reassert the same grounds when the 1999 penitentiary packet was offered at trial. The State also argues that Rosales waived his objection because there was subsequent testimony about Rosales's 1999 conviction without objection. Generally, even though a party objects to certain evidence, prior or subsequent presentation of essentially the same evidence without objection generally results in waiver of the error. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). However, "[w]hen the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal." TEX. R. EVID. 103(b). Accordingly, no further objections were required to preserve Rosales's complaint because the trial court overruled Rosales's objection at the pretrial hearing outside the presence of the jury. *See In re D.W.G.K.*, 558 S.W.3d 671, 684 (Tex. App.—Texarkana 2018, pet. denied).

Consequently, we find that Rosales did not waive his objection to the 1999 penitentiary packet and that it is preserved for appellate review.

**B.    Harmless Error**

Assuming without deciding that the admission of the 1999 penitentiary packet was erroneous, reversal is warranted only if the error probably caused the rendition of an improper judgment or probably prevented Rosales from properly presenting the case to this Court. TEX. R. APP. P. 44.1(a)(1)–(2); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). "We review the entire record and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted." *Bay Area Healthcare*, 239 S.W.3d at 234 (citing *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004)). The erroneous admission of evidence "is likely harmless if the evidence was cumulative, or if the rest of the evidence was so one-sided that the error likely made no difference." *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008) (footnotes omitted).

Here, the rest of the evidence presented at trial strongly supports the jury's finding that Rosales is a "repeat sexually violent offender." *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(1). Dr. Arambula, without objection, testified that Rosales had two convictions for aggravated sexual assault of a child. Further, Rosales admitted on the stand that he was twice sentenced to time in prison for aggravated sexual assault of a child. *See id.* § 841.003(b) ("A person is a repeat sexually violent offender . . . if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses . . . ."); *id.* § 841.002(8)(A) (defining "sexually violent offense" in the SVP Act to include an offense under Texas Penal Code § 22.021); TEX. PENAL CODE ANN. § 22.021 (defining the offense of aggravated sexual assault). Thus, any error in the admission of Rosales's 1999 conviction was "inconsequential" and harmless.

*See Turton v. State Bar of Tex.*, 775 S.W.2d 712, 715 (Tex. App.—San Antonio 1989, writ denied); *In re Commitment of Young*, 410 S.W.3d 542, 552 (Tex. App.—Beaumont 2013, no pet.). We overrule Rosales's first issue.

### IV.    FACTUAL AND LEGAL SUFFICIENCY

In his second issue, Rosales argues that "[w]ith the State being able to use only one of Mr. Rosales's two sexually violent offense convictions to establish the 'repeat sexually violent offender' element of its civil-commitment case, the evidence is legally and factually insufficient to support this element of its civil-commitment case."

In reviewing the legal sufficiency of the evidence to support an SVP finding, we use the appellate standard of review applied in criminal cases. *In re Commitment of Gomez*, 535 S.W.3d 917, 924 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). We assess the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the statutory elements required for commitment beyond a reasonable doubt. *Id.*; *see In re Commitment of Stoddard*, 619 S.W.3d at 676. "The jury is the sole judge of the witnesses' credibility and of the weight to be given to their testimony." *In re Commitment of Gutierrez*, 693 S.W.3d 728, 730 (Tex. App.—Houston [14th Dist.] 2024, no pet.); *see In re Commitment of Mullens*, 92 S.W.3d 881, 887 (Tex. App.—Beaumont 2002, pet. denied) ("The jury may resolve conflicts and contradictions in the evidence by believing all, part, or none of the witnesses' testimony.").

> The appellate standard governing factual-sufficiency review of a finding that a person is a[n SVP] is whether, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is so significant that the factfinder could not have found beyond a reasonable doubt that the statutory elements were met.

*In re Commitment of Stoddard*, 619 S.W.3d at 677.

8

Even assuming that the 1999 penitentiary packet should have been excluded, the evidence is sufficient to sustain the judgment. The record contains the 2004 penitentiary packet with a judgment indicating that Rosales was convicted of aggravated sexual assault of a child, and there was testimony from Dr. Arambula and Rosales himself establishing that Rosales was twice convicted of aggravated sexual assault of a child and sentenced to time in prison for both convictions. There is nothing otherwise in the record rebutting the evidence that Rosales was twice convicted of these crimes. Reviewing the evidence in the light most favorable to the jury's verdict, we determine that a rational trier of fact could have found the statutory elements required for commitment beyond a reasonable doubt. *See In re Commitment of Gomez*, 535 S.W.3d at 924. Furthermore, we determine that in light of the entire record, the disputed evidence a reasonable jury could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is not so significant that the jury could not have found beyond a reasonable doubt that the statutory elements were met. *See In re Commitment of Stoddard*, 619 S.W.3d at 677. We overrule Rosales's second issue.

## V. CONCLUSION

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
6th day of November, 2025.

9